IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

MERY VIVIANA CHIMBO
VIRACUCHA,

          Petitioner,

vs.

KRISTI NOEM, Secretary, U.S.
Department of Homeland Security, et
al.,

          Respondents.

0:26-CV-831

ORDER

The petitioner represents that despite the Court's prior order (filing 13), the government has failed to return her property. Filing 14. The government is, accordingly, likely in contempt of the Court's order, exposing it to coercive sanctions or compensatory remedies, including damages and attorney's fees. *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994) (contempt fine is civil and remedial if it coerces compliance or compensates complainant for losses sustained); *Chi. Truck Drivers v. Bhd. Lab. Leasing*, 207 F.3d 500, 506 (8th Cir. 2000) ("mere assertion of 'present inability' insufficient to avoid civil contempt finding").

> It is well settled that the court's civil contempt power serves two purposes: to effectuate compliance with a court's order or process; and to compensate individuals from harm incurred by noncompliance. . . . The court's discretion in fashioning an appropriate remedy for contempt includes the power to grant the relief that is necessary to effect compliance with its decree. The measure of the court's power in civil contempt proceedings is determined by the requirements of full remedial relief. A

compensatory sanction is not imposed to vindicate the court's authority or to punish the contemnor, but rather serves to make reparation to the injured party, restoring that party to the position it would have held had the court's order been obeyed.

*Hartman v. Lyng*, 884 F.2d 1103, 1106 (8th Cir. 1989) (citations and quotations omitted). And that may include an award of reasonable attorney's fees, costs, and expenses, even against the United States. *See id*. at 1107.

While turning over property is a paradigmatic example of indirect contempt that may be adjudicated through civil proceedings, *see Bagwell*, 512 U.S. at 833, it still requires notice and an opportunity to be heard, *see F.T.C. v. Neiswonger*, 580 F.3d 769, 774 (8th Cir. 2009). Accordingly, the Court will ask the Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and D. Minn. LR 72.1(b), to hold a hearing in this matter and submit findings and recommendations addressing whether the government is in contempt of the Court's order and, if so, what measures should be taken to compel the government's compliance or compensate the petitioner for the damages sustained as a result of that contempt.

IT IS ORDERED:

1.     The petitioner shall promptly contact the Magistrate Judge's chambers to schedule a contempt hearing.

2.     The Magistrate Judge shall conduct a contempt hearing and submit findings and recommendations addressing whether the government is in contempt of the Court's order and, if so, what measures should be taken to compel the government's

compliance or compensate the petitioner for the damages sustained as a result of that contempt.

Dated this 13th day of March, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

3